IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIET KNILEY,

    Plaintiff,

  v.

CITIBANK, N.A., THE MOORE LAW GROUP, A Professional Corporation, and HUNT & HENRIQUES,

    Defendants.

No. C 14-05294 WHA

**ORDER DENYING MOTION TO DISMISS AND VACATING HEARING; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**

## INTRODUCTION

In this action for violations of the Fair Debt Collection Practices Act, defendant Moore Law Group, a Professional Corporation, moves to dismiss the complaint under Rule 12(b)(6), on the grounds that the statute of limitations has run. For the following reasons, the motion is **DENIED** and the February 26 hearing is **VACATED**.

## STATEMENT

Plaintiff Juliet Kniley appears to have incurred debt at some point before July 2013 on a credit card account issued by defendant Citibank, N.A. When plaintiff allegedly fell behind in the payments, the debt was "assigned, placed, or otherwise transferred" by Citibank to defendant Moore Law Group for debt collection and litigation (First Amd. Compl. ¶¶ 20, 26, 27).

Plaintiff's complaint alleges that "on or about July 2, 2013, pursuant to the instructions of Citibank, Moore filed a state collections lawsuit against Plaintiff." The complaint refers to this

1    lawsuit as "State Action [No.] 1." State Action No. 1 was filed in the California Superior Court
2    in San Francisco, but, according to the complaint, when that action commenced plaintiff
3    "did not reside in San Francisco, California, and . . . had not signed the contract sued upon
4    in San Francisco, California" (First Amd. Compl. ¶¶ 28, 29). State Action No. 1 was later
5    dismissed, without prejudice (First Amd. Compl. ¶ 39).

After the dismissal of State Action No. 1, "the alleged debt was assigned, placed, or otherwise transferred by Citibank to . . . [defendant] Hunt & Henriques, for debt collection and litigation." It appears that on October 2, 2014, Hunt & Henriques filed another state action against the plaintiff, in Superior Court in San Francisco. The complaint refers to this second lawsuit as "State Action [No.] 2" (First Amd. Compl. ¶¶ 41, 42). The complaint alleges that it was only subsequent to the filing of State Action No. 2 that plaintiff "became aware of" State Action No. 1. The complaint alleges that plaintiff was unaware of State Action No. 1 until "on or about October 10, 2014" (First Amd. Compl. ¶¶ 40, 43).

Plaintiff filed this action on December 2, 2014, and the first amended complaint on December 31, 2014. The first amended complaint alleges several violations of the Fair Debt Collection Practices Act. Defendant Moore Law Group now moves to dismiss.

**ANALYSIS**

1. **JUDICIAL NOTICE.**

Defendant Moore Law Group requests judicial notice of several documents attached as exhibits, including the complaint and dismissal of State Action No. 1, and the complaint and answer for State Action No. 2. While plaintiffs do not oppose, this order does not rely on those documents and the request is therefore **DENIED AS MOOT**.

2. **STATUTE OF LIMITATIONS.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The complaint alleges that Moore Law Group violated the Fair Debt Collection Practices Act (FDCPA) in several ways related to the filing of "State Action [No.] 1," a lawsuit, "on or about July 2, 2013" (First Amd. Compl. ¶¶ 28, 30, 38). Section 1692k(d) of the

2

FDCPA states, "[a]n action to enforce any liability created by this title may be brought . . . within one year from the date on which the violation occurs."

Defendant Moore Law Group's sole basis for dismissal is that the statute of limitations has run. Plaintiff's complaint was filed on December 2, 2014, more than a year from the date of the alleged violation (the filing of State Action No. 1 on July 2, 2013). The complaint alleges, however, that plaintiff "only first became aware" of State Action No. 1 "on or about October 10, 2014," subsequent to the filing of State Action No. 2 (First Amd. Compl. ¶ 40, 43).

The issue is whether the statute of limitations should be equitably tolled. Our court of appeals has held that in an FDCPA claim, the statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Service, Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (internal quotation marks and citations omitted). Defendant cites to an earlier court of appeals decision holding that, "when the alleged violation of the Act is the filing of a lawsuit," the statute of limitations begins to run on the date the lawsuit is filed. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). That decision, however, involved no allegations that service was not effectuated or that the plaintiffs had any reason not to know about the lawsuit at issue.

Defendant argues two reasons why no "equitable considerations" exist to justify "extending" the statute of limitations. *First*, defendant argues that plaintiff has not "communicated how or why" she was unaware of State Action No. 1 until October 2014, nor has she provided "any basis to justify the late filing" of her claim (Reply 5). Not true. Plaintiff alleges that "on or about October 10, 2014," subsequent to the filing of State Action No. 2, she "for the first time, became aware of State Action [No.] 1" (First Amd. Compl. ¶ 43). Taking this well-pled allegation in the light most favorable to plaintiff, this order finds that the statute of limitations began to run on October 10, 2014 — the date when, according to plaintiff's allegations, she first knew or should have known about State Action No. 1. Defendant's own admissions support plaintiff's version of events: service was not effectuated on plaintiff for State Action No. 1, and the lawsuit was subsequently dismissed (Br. 9–10). If investigation or

3

discovery shows otherwise, then a motion for summary judgment on the limitations period will be permissible.

*Second*, defendant claims that plaintiff has "suffered no harm to justify the extension of the statute of limitations" (Reply 6). The focus of an FDCPA claim is on a defendant's conduct and not the adverse effect on the actual plaintiff. *Tourgeman v. Collins Financial Services*, 755 F.3d 1109, 1117-1118 (9th Cir. 2014). In any case, plaintiff's complaint alleges harm to her public reputation and harm because she was denied arbitration (Compl. ¶¶ 34, 44).

In its reply brief, defendant raises a new argument, that the lawsuit is "not an actionable communication under the FDCPA" because it is a communication to a third party, namely a court. For said proposition, defendant relies on a factually distinguishable decision from a different circuit (Reply 7). This order declines to consider this dubiously persuasive argument, because a "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Also, Section 1692i of the FDCPA clearly states that filing a lawsuit under certain circumstances is an actionable violation.

## CONCLUSION

For the above reasons, the motion to dismiss is **DENIED** and the February 26 hearing is **VACATED**.

The case management conference is **CONTINUED** to **MARCH 12, 2015, AT 11:00 A.M.** Please file a joint case management statement at least seven days prior. *There will be no further continuances.*

**IT IS SO ORDERED.**

Dated: February 19, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4