IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIET KNILEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITIBANK, N.A.; THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION; and HUNT & HENRIQUES,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　/ | No. C 14-05294 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE** |

**INTRODUCTION**

In this action for violations of the Fair Debt Collection Practices Act, one defendant moves to dismiss the complaint under Rule 12(b)(6). For the following reasons, the motion is **GRANTED**.

**STATEMENT**

Plaintiff Juliet Kniley incurred debt at some point before July 2013, on a credit card account issued by defendant Citibank, N.A. (First Amd. Compl. ¶¶ 20, 24). When plaintiff allegedly fell behind on the payments, the debt was "assigned, placed, or otherwise transferred" by Citibank to defendant The Moore Law Group for debt collection and litigation. In July 2013, "pursuant to the instructions of Citibank, Moore filed a state collections lawsuit against Plaintiff." State Action No. 1 was filed in the California Superior Court in San Francisco, but according to the complaint, when that action commenced, plaintiff "did not reside in San Francisco, California, and . . . had not signed the contract sued upon in San Francisco, California." State Action No. 1 was later dismissed, before service, without prejudice (First Amd. Compl. ¶¶ 20, 24, 26–29, 39).

After the dismissal of State Action No. 1, "the alleged debt was assigned, placed, or otherwise transferred by Citibank to . . . [defendant] Hunt & Henriques, for debt collection and

litigation." Hunt & Henriques filed State Action No. 2 against plaintiff in October 2014, also in San Francisco, but this time Ms. Kniley lived there. Only subsequent to the filing of State Action No. 2 did plaintiff become aware of State Action No. 1 (First Amd. Compl. ¶¶ 40–42).

According to plaintiff, both lawsuits "falsely alleged" common counts of open-book account, account stated, and money lent. Plaintiff alleges that Citibank's filing of these common counts denied her certain contractual rights under the Citibank contract, whereas if Citibank had filed under a theory of breach of contract, those rights would have been preserved. Plaintiff alleges that the common counts prevented her from "the possibility of having the dispute between Plaintiff and Citibank resolved by arbitration" and having her "attorneys' fees paid for by Citibank should Plaintiff prevail in litigation" (First Amd. Compl. ¶¶ 31–34, 45–48, 52, 53).

Plaintiff's first amended complaint alleges several violations of the Fair Debt Collection Practices Act. Defendant Citibank now moves to dismiss all claims that pertain to it. This order follows full briefing and oral argument.

**ANALYSIS**

**1. JUDICIAL NOTICE.**

Defendant Citibank requests judicial notice of plaintiff's credit card agreement (Br. 1). A court is "permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). This credit card agreement is relied upon in plaintiff's complaint, plaintiff does not dispute its authenticity, and it is referenced in her opposition (Opp. 7). Defendant's unopposed request for judicial notice of the agreement in Exhibit A is **GRANTED**.

**2. ALLEGED VIOLATIONS OF THE FDCPA.**

The Fair Debt Collection Practices Act was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. 1692(e). "The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1060–61 (9th Cir. 2011).

Plaintiff alleges several violations of the FDCPA against defendant Citibank. *First*, plaintiff alleges a violation of Section 1692i, which requires legal action on a consumer debt to be brought in a venue where the consumer either resides or signed the contract. *Second*, plaintiff alleges violations of Sections 1692e, 1692e(5), 1692e(10), and 1692f, which relate to deceptive or unfair debt-collection practices.

Plaintiff's claims under Sections 1692e, 1692e(5), 1692e(10), and 1692f relate to the theory that by filing a lawsuit under common count theories of recovery instead of breach of contract, defendant plotted "to deny Plaintiff her contractual rights under the Citibank contract" (First Amd. Compl. ¶¶ 53, 34). Section 1692e stands for the general proposition that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(5) forbids a "threat to take any action that cannot legally be taken or that is not intended to be taken," and Section 1692e(10) forbids using "false representation or deceptive means to collect or attempt to collect any debt . . . ." Section 1692f generally forbids the use of "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff fails to allege sufficient facts to show that any of her rights were denied by Citibank's choice to file common counts claims, much less that by doing so Citibank violated the FDCPA.

*First,* plaintiff alleges that because the credit card agreement between Citibank and plaintiff provided for arbitration and included a fee-shifting provision, plaintiff "did not need to be concerned about the possibility [of] incur[ring] unnecessary legal fees" and that the agreement "ensured that should Plaintiff prevail in litigation, Citibank would be required to pay Plaintiff's attorneys' fees" (First Amd. Compl. ¶ 23). The attorney's fees provision in the agreement stated that, "[t]o the extent permitted by law, you are liable to us for our legal costs if we refer collection of your account to a lawyer who is not our salaried employee. These costs may include reasonable attorneys' fees. They may also include costs and expenses of any legal action" (Garcia Exh. A at 6).

Under Section 1717 of the California Civil Code, when a contract provides for the payment of attorney's fees and costs incurred in enforcement of the contract, whichever party is

3

determined to be the prevailing party in that action is the party entitled to the attorney's fees and costs. Under Section 1717, reasonable attorney's fees are fixed by the court, and the court determines who the prevailing party is or whether there is a prevailing party at all.

This order holds that Citibank will be liable for attorney's fees to the same extent as if it had sued for breach of contract. That is, the mere fact that the pleading elected to assert common counts did not deprive plaintiff of her rights under the contract, including her reciprocal right to attorney's fees should she be the prevailing party. *See Douglas E. Barnhart*, *Inc. v. CMC Fabricators, Inc.*, 149 Cal. Rptr. 3d 440, 448 (Cal. Ct. App. 2012).

The same is true for her arbitration rights. The agreement has an arbitration clause that states, in part, "[e]ither you or we *may*, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us. . . . All claims are subject to arbitration, no matter what legal theory they are based on" (Garcia Exh. A at 4) (emphasis added). If plaintiff preferred arbitration, she was free to move to compel arbitration of the common counts.

*Finally*, plaintiff alleges that in both collection actions defendant falsely alleged that "'an account was stated in writing by and between [Citibank] and [Kniley] in which it was agreed that [Kniley] was indebted to [Citibank],'" but that no such writing ever existed (First Amd. Compl. ¶¶ 36, 37, 50, 51).

> The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due.
>
> *    *    *
>
> The agreement of the parties necessary to establish an account stated need not be express and frequently is implied from the circumstances. In the usual situation, it comes about by the creditor rendering a statement of the account to the debtor. If the debtor fails to object to the statement within a reasonable time, the law implies his agreement that the account is correct as rendered.

*Zinn v. Fred R. Bright Co.*, 76 Cal. Rptr. 663, 665–66 (Cal. Ct. App. 1969).

4

Plaintiff alleges that she entered into a credit card agreement with Citibank and made purchases with the credit card. She also alleges that defendant's earlier allegations against her related to a failure to make payments and an eventual default of the credit card debt. Plaintiff makes no claim that she never promised to repay the amounts she charged on her credit card, or that she was never sent any statements, or that she objected to the amounts reflected on statements, or any other facts that would indicate that an account stated theory of recovery was falsely alleged by Citibank in its state court lawsuit.

Plaintiff may or may not have valid defenses to Citibank's state court action, but this order finds that the operative complaint alleges no facts to support a claim against Citibank for deceptive or unfair practices under the FDCPA. Even under the "least sophisticated debtor standard" used to evaluate claims under Sections 1692e and 1692f, the first amended complaint alleges nothing that could indicate that Citibank has violated the FDCPA by filing its collection lawsuits. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). The motion to dismiss the claims for Sections 1692e, 1692e(5), 1692e(10), and 1692f is **GRANTED**.

### 3. CITIBANK, N.A. AND THE ISSUE OF VICARIOUS LIABILITY.

Against Citibank, the only remaining claim for relief is based upon its supposed vicarious liability as principal for the wrongful filing of State Action No. 1 by its agent lawyers in the wrong venue. Section 1692i(a)(2) mandates that a debt collector shall bring legal action on a debt only in the judicial district where the consumer resides at the commencement of the action, or where the consumer signed the contract sued upon. Plaintiff alleges that "pursuant to the instructions of Citibank, Moore filed a state collections lawsuit" in a venue where plaintiff did not reside and had not signed the contract sued upon (First Amd. Compl. ¶¶ 28, 29). (The reader may wonder how San Francisco was the wrong venue for the first suit but the right one for the second, and this order presumes that, in between, plaintiff moved to San Francisco.)

It is true that Citibank is not a "debt collector" within the meaning of the FDCPA. Nevertheless, this order declines to hold that a creditor *not* qualifying as a "debt collector" may *never* be held liable under the FDCPA. This order does hold that plaintiff has failed to properly allege enough to impose vicarious liability, for the following reasons.

5

Our court of appeals has held that one "debt collector" may be vicariously liable as a principal for violations of the FDCPA committed by another "debt collector" as the principal's agent. *Fox v. Citicorp Credit Services*, 15 F.3d 1507, 1516 (9th Cir. 1994). Vicarious liability under the FDCPA is appropriate when a client exercises "control over the conduct or activities" of the attorneys it has hired for debt collection. *Clark v. Capital Credit & Collection Services*, 460 F.3d 1162, 1173 (9th Cir. 2006). No allegation is made here, however, that Citibank is a "debt collector," so the holding in *Fox* does not apply.

Our court of appeals has not specifically addressed the vicarious liability of a creditor who does not qualify as a "debt collector." Other circuits have held that a creditor cannot be a "debt collector" under the FDCPA, but our court of appeals has rejected that per se rule. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 n.2 (9th Cir. 2013).

District courts in our circuit disagree whether *any* creditor client exercising control over an FDCPA-violating attorney may be held liable, or whether a client must also meet the statutory definition of a "debt collector" to be held vicariously liable. Compare *Oei v. N Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006) (Judge Margaret Morrow) (holding against vicarious liability) with *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080 (E.D. Cal. 2013) (Judge Lawrence Karlton) (holding in favor of vicarious liability). *Oei* relied primarily on out-of-circuit decisions to find that "[*v*]*icarious* liability under the Act has . . . been restricted to principals who themselves are statutory 'debt collectors.'" 486 F. Supp. 2d at 1097. Taking the opposite tack, *Huy Thanh Vo* found the position that only "debt collectors" could be held vicariously liable for their attorney's acts to be "untenable under Ninth Circuit precedent" because *Fox* held that with the FDCPA "Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken," and did not find that the party held vicariously liable was a "debt collector." 931 F. Supp. 2d at 1088–89; *Fox*, 15 F.3d at 1516.[*]

---

[*] In *Fox*, Citicorp Credit Services was presumed to be a debt collector and the court of appeals refused to shield it from liability for a venue violation merely because the legal action was filed by an attorney. In other words, that holding expressly presumed that Citicorp was a debt collector to begin with. In contrast, here, Citibank is not a debt collector within the meaning of the statute, and is not alleged to be, so the issue now presented was not reached by the court of appeals. Nevertheless, the Supreme Court has described *Fox* as holding that a *client* may be vicariously liable for its lawyers' violations of the FDCPA. *Jerman v. Carlisle,*

6

It is unnecessary for this order to take sides. This order presupposes that a principal can be held vicariously liable for wrongful acts of an agent, but holds that our plaintiff has not and cannot in good faith allege sufficient facts under *Twombly* to establish vicarious liability. More would have to be alleged than has been alleged in this pleading. At oral argument, the Court asked counsel to state the full extent to which he could allege controlling activity on behalf of Citibank, and the most he could say was that the first law firm was authorized by Citibank to file the first lawsuit. Reading the pleading as a whole, there is no specific allegation that Citibank directed Moore to file in the wrong venue in violation of the Act. In fact, the course of conduct alleged in the pleading suggests that when the error was recognized, Citibank terminated that lawsuit, changed lawyers, and filed in the correct venue. These circumstances are insufficient to warrant a plausible inference that Citibank knew and directed its lawyers in State Action No. 1 to file in the wrong venue. Evidently, Citibank directed its counsel to file the collection action, but left it to counsel to do so in the right way. This falls short of an inference that the bank directed the firm to file in the wrong venue. Given that, at the hearing, the Court already asked counsel to explain what more could be alleged and given the insufficiency of the answer, it would be futile to allow further amendment.

## CONCLUSION

For the foregoing reasons, Citibank's motion to dismiss is **GRANTED**. Since Hunt & Henriques cannot be liable, given the foregoing analysis, all parties have until **FRIDAY AT NOON** of this week to show cause why that defendant should not be dismissed.

**IT IS SO ORDERED.**

Dated: April 6, 2015

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

*McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 600 (2010).