IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIET KNILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIBANK, N.A., THE MOORE LAW GROUP, A Professional Corporation, and HUNT & HENRIQUES,<br><br>    Defendants. | No. C 14-05294 WHA<br><br>**ORDER DENYING MOTION FOR SANCTIONS AND VACATING HEARING** |

## INTRODUCTION

In this motion for sanctions, defendant accuses plaintiff's counsel of filing a frivolous lawsuit. In her opposition, plaintiff accuses defendant's counsel of the same (for the sanctions motion). For the reasons stated below, both requests for sanctions are **DENIED** and the hearing is **VACATED**.

## STATEMENT

Plaintiff Juliet Kniley was sued by defendant Citibank, N.A., in state court over defaulted consumer credit card debt, first in 2013 and then in 2014, with the assistance of co-defendants The Moore Law Group and Hunt & Henriques, debt-collection law firms. Plaintiff in turn filed claims against defendant and its lawyers in federal court, alleging violations of the Fair Debt Collection Practices Act. This court granted defendant Citibank's motion to dismiss on April 2, 2015. Before dismissal, defendant moved for sanctions, and plaintiff responded in her

opposition with an equal request. Both claim the other side has filed frivolous lawsuits. This order follows full briefing.

## ANALYSIS

Defendant asks for sanctions under Rule 11. "Rule 11 sanctions are reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Unigard Security Insurance Co. v. Lakewood Engineering & Manufacturing Corp.*, 982 F.2d 363, 370 (9th Cir. 1992) (internal citation omitted). A filing is frivolous if it is both baseless and made without a reasonable and competent inquiry. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

Defendant claims that plaintiff's counsel should be sanctioned for filing a complaint against Citibank, alleging it could be held liable under the Fair Debt Collection Practices Act. Defendant claims that it is "black letter law" that a creditor, like Citibank, cannot be held liable as a "debt collector" under the FDCPA (Br. 4). Not so. Our court of appeals has rejected that per se argument, which originated in other circuits, and has never definitively ruled that a creditor may never be held vicariously liable under the FDCPA (Dkt. No. 44 at 6). Although the undersigned judge granted defendant's motion to dismiss, this order declines to hold that plaintiff's argument on the matter was unwarranted "by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b)(2).

Next, defendant contends that plaintiff's counsel should be sanctioned for making the argument that Citibank violated the FDCPA by filing its contract-dispute claim under common-count theories instead of a theory of breach of contract. Plaintiff's argument was this: By filing under common counts, Citibank denied plaintiff certain rights under their contract, specifically reciprocal attorney's fees and arbitration rights, and, according to plaintiff, this was a deceptive practice under the FDCPA. It is factually true that Citibank filed common counts instead of a breach of contract claim. The problem is that under California law, filing common counts does not void the parties' rights under a contract that forms the basis of the dispute (Dkt. No. 44 at 4). Objectively, then, this argument in the complaint was legally baseless.

2

Although it is a borderline case, this order holds that sanctions are not merited here. Despite the argument's legal failures, it is apparent that counsel did some inquiry and simply became confused as to the state of the law. Counsel did not do a perfect job, but this order does not hold that he did a *sanctionable* less than "reasonable and competent inquiry" before filing. In the oppositions to defendant's motion to dismiss and motion for sanctions, plaintiff's counsel cited to several decisions that describe an "account stated" (one of the common counts originally asserted by Citibank) as a new contract based on an agreement between the parties as to the amount owed (Opp. 12, 10). If that were the end of the story, plaintiff's FDCPA claims would not have been totally unreasonable. Plaintiff's counsel's mistake was in not realizing that further implications and interpretations exist in relation to this area of the law. Although regrettable, this mistake does not merit the "rare and extraordinary" imposition of sanctions. The motion is **DENIED**.

Plaintiff's request for sanctions against defendant's counsel under 28 U.S.C. 1927 is also **DENIED**. Section 1927 imposes sanctions against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." There is little to indicate that Citibank's counsel requested sanctions unreasonably, much less with a vexatious purpose.

## CONCLUSION

For the foregoing reasons, Citibank's motion for sanctions is **DENIED**. The hearing set for May 7, 2015 is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 22, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE